## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY BOOTH,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0607** (BOR Appeal No. 2048992)
(Claim No. 2009061183)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty Booth, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 23, 2014, in which the Board affirmed a November 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 30, 2012, decision, which denied the addition of disc herniation and nerve impingement to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Booth, a registered nurse, injured her lumbar spine in the course of her employment when she bent forward to start an IV on September 4, 2008. The claim was held compensable for displacement of thoracic or lumbar intervertebral disc without myelopathy. An MRI taken on September 21, 2008, showed that Ms. Booth had a moderate sized L2-3 herniated disc impinging on the left L2 nerve root. In a neurosurgical independent medical evaluation, Donald Whiting, M.D., recommended an L2-3 microdiscectomy. He opined that Ms. Booth's L2-3 disc herniation and L4-5 stenosis were both the result of the compensable injury.  In a January 19, 2010, letter,

Vincent Miele, M.D., stated that Ms. Booth's most recent MRI showed excellent improvement in the L2-3 disc herniation. A September 30, 2011, MRI showed degenerative changes involving the facet joints and the intervertebral discs at multiple levels. There were disc bulges but no herniations.

ChuanFang Jin, M.D., performed an independent medical evaluation on October 20, 2011. She diagnosed a history of lumbar sprain/strain, degenerative disc disease as evident on MRI, and probable sensory radiculopathy in the left lower extremity. She stated that Ms. Booth did not suffer a trauma or injury to the lumbar spine because her back pain occurred while leaning forward. Dr. Jin noted that MRIs showed degenerative disc disease and stated that the disease takes years to develop and was not caused by the compensable injury. The compensable injury was a sprain/strain that requires no further treatment. Ms. Booth was found to be at maximum medical improvement. The claims administrator denied a request to add disc herniation and nerve impingement to the claim on May 30, 2012.

Robert Bowers, M.D., Ms. Booth's treating physician, testified in a deposition on March 1, 2013. He stated that disc herniation and nerve impingement are appropriate diagnoses in this claim. He opined that the conditions are the result of the compensable injury. He based his conclusion on the September 21, 2008, MRI, which showed an L2-3 left herniated disc impinging on the left L2 nerve root. The MRI was taken seventeen days after the compensable injury occurred. He stated that based upon a September 30, 2011, MRI, Ms. Booth's nerve impingement has improved. He admitted that disc herniations can improve by themselves. He stated that though the September 30, 2011, MRI calls the L2-3 area a disc bulge and not a herniation, deciding between the two is a gray area, and radiologists can differ on their terminology. He disagreed with Dr. Jin's assertion that Ms. Booth required no further treatment because a sprain/strain heals within four weeks. Dr. Bowers stated that healing can take much longer. He stated that Ms. Booth had pre-existing degenerative spine conditions and that the work-related sprain/strain could have aggravated her pre-existing degenerative problems. He admitted that a neurosurgeon is more qualified to speak to the addition of disc herniation and nerve impingement to the claim.

Dr. Jin performed a record review on June 26, 2013, in which she reiterated much of her previous opinion. She stated that the degenerative disc disease was likely present long before the compensable injury occurred. Back sprains/strains typically resolved within one to four weeks, and back pain that lasts longer than that is often suggestive of another etiology. She opined that Ms. Booth's symptoms are not indicative of a mechanical traumatic disc herniation and noted that she had a fairly large L2-3 herniation right after the compensable injury. The herniation improved by itself, however, she continued to have pain. Dr. Jin stated that if the herniation were the sole cause of the pain, her pain would have improved. Therefore, Dr. Jin concluded that even if there were a mechanical soft tissue injury, it would not have sped up or aggravated the underlying degenerative disc disease.

The Office of Judges affirmed the claims administrator's decision in its November 7, 2013, Order. It found that Dr. Jin's independent medical evaluation and record review were persuasive. Dr. Bowers's deposition testimony was given consideration but ultimately not found

2

to be persuasive. The Office of Judges concluded that the evidence does not support the addition of disc herniation and nerve impingement to the claim. It stated that Ms. Booth has significant pre-existing degeneration, and the mechanics of the injury do not support the additional diagnoses. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 23, 2014.

On appeal, Ms. Booth argues that Drs. Whiting and Bowers both opined, based upon MRI results, that the additional diagnoses were the result of the compensable injury. She further asserts that Dr. Whiting is an independent neurosurgeon, and his opinion should be given greater weight than that of Dr. Jin. West Virginia United Health System argues that Ms. Booth suffers from a degenerative condition in her lumbar spine that is the cause of her ongoing symptoms. It further asserts that Dr. Miele's treatment notes indicate that her request to add disc herniation and nerve impingement to the claim arose after an onset of new symptoms. It also argues that the mechanism of injury does not comport with a disc herniation. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Booth suffered from extensive pre-existing degenerative changes, and the mechanism of injury is not consistent with a herniated disc.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 27, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum